IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

[1] WILKINS BRITO,

Defendant.

CRIM. NO. 20-241 (SCC)

**OPINION AND ORDER**

Wilkins Brito pled guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine. Docket No. 97; 21 U.S.C. §§ 841(b)(1)(A)(ii), 846. At sentencing, the Court sentenced him to 120 months' imprisonment, Docket No. 119, but declined to impose a supervised-release term because he will be deported when his imprisonment ends. *Id.* The U.S. Sentencing Commission has opined that "the court should ordinarily not impose a term of supervised release" where the defendant "will be deported after imprisonment." U.S. SENT'G GUIDELINES MANUAL § 5D1.1(c). There is, however, a caveat: where supervised release is required by statute, the court must impose it. *See*

*Dorsey v. United States*, 567 U.S. 260, 266 (2012) ("[F]ederal sentencing statutes . . . trump[ ] the Guidelines."); U.S. SENT'G GUIDELINES MANUAL § 5D1.1(a)(1) ("The court shall order a term of supervised release . . . when required by statute."). Here, § 841(b)(1)(A) requires a supervised-release term. Because we "clear[ly] err[ed]" by declining to impose one, *see* FED. R. CRIM. P. 35(a), we correct Mr. Brito's sentence by adding a five-year supervised-release term.

      Federal Rule of Criminal Procedure 35(a) provides that, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." A sentence includes both imprisonment and supervised release. *United States v. González-Rodríguez*, 777 F.3d 37, 42 n.8 (1st Cir. 2015). The function of Rule 35(a) "is narrowly circumscribed," *United States v. Seville-Oyola*, 770 F.3d 1, 11 (1st Cir. 2014), meaning that it is used only where an "obvious error or mistake has occurred . . . , that is, [an] error[ ] which would almost certainly result in a remand." FED. R. CRIM. P. 35 adv. comm. notes to 1991 amendments.

This is such a case.

Section 841(b)(1)(A) states that, "any sentence under this subparagraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 5 years." And the First Circuit has said that this provision is a mandatory-minimum supervised-release term. *See United States v. Cortes-Claudio*, 312 F.3d 17, 18 (1st Cir. 2002) ("We have recently held that this language in § 841(b) establishes a mandatory minimum term of supervised release, not a maximum." (citing *United States v. López*, 299 F.3d 84, 90 (1st Cir. 2002)); *see also United States v. Nieves*, 322 F.3d 51, 56 (1st Cir. 2003) ("In [*López*], we determined that the 'at least' language in [§ 841(b)] 'establishes a mandatory minimum term of supervised release, but no maximum.'" (quoting *López*, 299 F.3d at 89–90)). The Court declined to impose this term at sentencing because, based on an earlier discussion with the U.S. Sentencing Commission, we believed that we had the discretion to do so. But after further discussion and consideration, we see that we are required to impose at least

a five-year supervised-release term. For no matter what the Guidelines provide, the Court must impose at least the statutory mandatory minimum. *See Dorsey*, 567 U.S. at 266.

We make clear, however, that we impose a five-year supervised-release term only because we are statutorily obligated to. There is generally no need to impose a supervised-release term on someone who will be deported when his imprisonment ends. That is because "[i]f such a [person] illegally returns to the United States, the need to afford adequate deterrence and protect the public ordinarily is adequately served by a new prosecution." U.S. SENT'G GUIDELINES MANUAL § 5D1.1 application n.5. The Court nonetheless **CORRECTS** Mr. Brito's sentence by adding a **five-year supervised-release term**. The Judgment will be amended accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9th day of March 2022.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE